UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LEONET RUIZ,   CASE NO.:

        Plaintiff,

vs.

WAL-MART STORES, INC.,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEONET RUIZ, by and through the undersigned attorney, sues the Defendant, WAL-MART STORES, INC., and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants as an hourly paid loss prevention employee from 2013 to 2015.

3. From April 2014 to November 2015, Plaintiff worked for Defendant in Columbus, Georgia.

4. Defendant, WAL-MART STORES, INC., operates a store location

1

at the Airport Thruway in Columbus, Georgia and is therefore within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, retaliation damages, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were computers, telephones, goods, vehicles, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

10. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

11. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff proper overtime compensation for all

2

overtime hours worked.

12. During his employment with Defendant, Plaintiff was paid by the hour and eligible for overtime compensation.

13. However, Plaintiff was forced to work off the clock during his employment with Defendant.

14. Plaintiff's supervisor was aware of this off-the-clock work and would instruct Plaintiff to either change his time or work off-the-clock.

15. Plaintiff would also be forced to clock out and keep working during his employment with Defendant.

16. Plaintiff would also have to perform other job duties, such as attend court dates for individuals who were caught shoplifting at Walmart, while Plaintiff was off-the-clock.

17. However, even though Defendant knew Plaintiff was overtime eligible, Defendant failed to properly pay Plaintiff proper overtime compensation for all overtime hours worked.

18. Defendant has violated the FLSA due to its above described pay practices in failing to pay Plaintiff proper overtime compensation for all overtime hours worked and by retaliating against Plaintiff.

19. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. Plaintiff was entitled to be paid overtime compensation for overtime hours worked for Defendant.

22. During his employment with Defendant, Plaintiff worked overtime hours but was not paid proper and complete overtime compensation for all overtime hours worked which Plaintiff worked. *See* ¶¶ 11-18.

23. Defendant did not have a good faith basis for its decision to not pay Plaintiff full and proper overtime compensation for all overtime hours worked by him during his employment with Defendant.

24. Because of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff full and complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. Because of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LEONET RUIZ, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 15th day of February, 2017.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
***Attorneys for Plaintiff***