# EXHIBIT A

## CONFIDENTIAL
## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("AGREEMENT") is entered into by and between Leonet Ruiz ("RUIZ") and WAL-MART STORES, INC. ("WAL-MART") (collectively "the Parties").

## RECITALS

This AGREEMENT is made with reference to the following facts:

A.    **WHEREAS,** RUIZ filed a Lawsuit against WAL-MART that is currently pending in the  Middle District of Georgia and that is designated as *Ruiz v. Wal-Mart Stores East, LP*, Case No. 4:17-cv-00042-CDL (the "Lawsuit"); and

B.    **WHEREAS,** WAL-MART denies the validity of RUIZ's claims and denies that it is subject to any liability; and

C.    **WHEREAS,** all wages concededly due to RUIZ have been unconditionally paid; and

D.    **WHEREAS,** all Parties wish to settle their differences without resort to further litigation; and

E.    **WHEREAS,** WAL-MART is willing to provide RUIZ with certain considerations described below, which it is not ordinarily required to, provided RUIZ releases WAL-MART from any claims RUIZ has made or might make arising out of his employment with WAL-MART and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.    **Recitals:**   The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2.    **Definitions:** Throughout this AGREEMENT, the term "WAL-MART" shall include the following:

(A)    Wal-Mart Stores, Inc., as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of Wal-Mart Stores, Inc.; and

(B)    Any officer, director, trustee, agent, employee, or insurer of an entity

encompassed by subparagraph (A).

3.     **Court Approval and Dismissal of the Lawsuit With Prejudice:**  Upon execution of this Agreement, the Parties' counsel shall cause to be filed a joint motion for approval of settlement agreement and draft order regarding the same, as well as a joint motion seeking dismissal with prejudice upon approval.  The Parties further agree that they and their counsel will mutually make every reasonable effort to ensure that the Court approves the Parties' settlement agreement and dismisses the Lawsuit *with prejudice.*

4.     **Settlement Sum:**  As consideration for signing this AGREEMENT and compliance with the promises made herein, WAL-MART agrees to pay to RUIZ Thirty Thousand and No/100 Dollars ($30,000.00), less lawful deductions.  This sum shall be allocated as follows:

(A)    Nine Thousand and No/100 Dollars ($9,000.00) shall be made payable as wage-based compensatory damages to RUIZ, for which a W-2 shall be issued.  This amount is comprised of claimed back pay damages, including overtime pay, represents a compromise of disputed issues, and is thus a reasonable allocation to lost wages; and

(B)    Twenty-One Thousand and No/100 Dollars ($21,000.00) shall be made payable jointly in a single check to RUIZ and RUIZ's legal counsel, tax ID number 59-2920684, for non-wage based damages, with the understanding that RUIZ'S legal counsel shall allocate Nine Thousand and No/100 Dollars ($9,000.00) of this amount to RUIZ for non-wage damages, including liquidated damages, and shall allocate attorneys' fees of this amount in the amount of Twelve Thousand and No/100 Dollars ($12,000.00).  A 1099 shall be issued to both RUIZ and his legal counsel regarding this payment.

WAL-MART shall provide the consideration identified in this paragraph 4 after receiving all of the following items: (1) an original of this AGREEMENT appropriately signed and dated by RUIZ; (2) an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against the Parties in the Lawsuit; and (3) fully-executed tax forms for all individuals/entities receiving checks; and (4) a completed Associate Information sheet for RUIZ.

This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after WAL-MART has received from RUIZ all of the items described in this paragraph).

5.     **Employment References:** Should RUIZ desire employment verification from WAL-MART, RUIZ agrees to provide any prospective employer or other inquiring party, who RUIZ desires to give such reference, the telephone number for WAL-MART's The Work Number For Everyone® (1-800-367-5690), which will verify RUIZ's dates of employment, last pay rate, and positions held.

6. **Consideration:** RUIZ understands and agrees that he would not receive the monies and/or benefits specified in paragraph 4, above, but for his execution of this AGREEMENT and the fulfillment of the promises contained herein.

7. **General Release of Claims:**  Subject to the rights enumerated in paragraph 8, below, in exchange for, and in consideration of, the payments, benefits, and other commitments described above, RUIZ, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges WAL-MART and each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that RUIZ may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "C" preceding paragraph 1 of this AGREEMENT, as well as paragraph 9 of this AGREEMENT, have been fully paid to RUIZ prior to the execution of this AGREEMENT, or are fully paid by way of paragraph 4 of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits.  RUIZ also releases any and all claims he may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under the Fair Labor Standards Act ("FLSA"); Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended (ADEA); Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended (ERISA); the National Labor Relations Act (NLRA); and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim.

Nothing in this AGREEMENT is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as applicable on the date RUIZ signs this AGREEMENT, or (iii) which cannot be released by private agreement.

8. **Right to Engage in Protected Activity: Nothing in this AGREEMENT including but not limited to the General Release of Claims, No Further Employment, Confidentiality, Non-Disparagement, Conditions paragraphs, or any other paragraphs whether referencing this paragraph or not, prevents RUIZ from**

**filing a charge or complaint with, from participating in an investigation or proceeding conducted by, providing information to, or otherwise assisting the EEOC, NLRB, SEC, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this AGREEMENT RUIZ is waiving rights to individual relief (including front pay, back pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint or other proceeding brought by RUIZ or on his behalf by any third party, except for any right RUIZ may have to receive a payment from a government agency (and not the Company) for information provided to the government agency or otherwise prohibited.**

9. **Tax Liability:** RUIZ understands that WAL-MART shall issue an IRS Form 1099 for those portions of the payment specified in paragraph 4 of this AGREEMENT that are not subject to withholding.  In paying the amount specified in paragraph 4, WAL-MART makes no representation regarding the tax consequences or liability arising from said payment.  RUIZ understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is the responsibility of the payees, and that he and his counsel will pay any such taxes that may be due or become due.  WAL-MART has no monetary liability or obligation regarding payment whatsoever (other than delivering a valid check in the sum referenced in paragraph 4 of this AGREEMENT to RUIZ and his counsel).  RUIZ agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums.  RUIZ further agrees to hold WAL-MART harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums.  In the event WAL-MART receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against WAL-MART, WAL-MART shall promptly, after receipt of such notice, notify RUIZ by letter sent to counsel for RUIZ.

10. **Affirmations:** RUIZ represents and affirms that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this AGREEMENT.  RUIZ reported all work-related injuries suffered during employment and any and all concerns regarding suspected ethical and compliance issues or violations on the part of WAL-MART or any released person or entity.

11. **No Medicare Beneficiaries, No Conditional Medicare Payments:** This settlement is based on a good faith determination of the Parties to resolve a disputed claim. The Parties have attempted to resolve this matter in compliance with both state and federal law. It is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility for medical treatment to Medicare in contravention of the Medicare Secondary Payor Act, 42

U.S.C. Sec. 1395y(b).

RUIZ warrants that he is not a Medicare beneficiary as of the date of this release, nor does he reasonably anticipate becoming a Medicare beneficiary within 30 months of executing this Agreement. Because RUIZ is not a Medicare recipient as of the date of this release, no conditional payments have been made to Medicare.

The Parties acknowledge and understand that any present or future action or decision by Medicare on this settlement, or RUIZ's eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

12.   **No Further Employment:**  Subject to the rights enumerated in paragraph 8, RUIZ acknowledges that his employment with WAL-MART terminated effective November 30, 2015. RUIZ permanently, unequivocally, and unconditionally waives any and all rights RUIZ may now have, may have had in the past, or may have in the future to obtain or resume employment with WAL-MART.  RUIZ agrees never to apply for employment with WAL-MART, its parent, successors, affiliates, and subsidiaries.  In the event that RUIZ is ever mistakenly employed by WAL-MART, its parent, successors, affiliates, and/or subsidiaries, RUIZ agrees to have his employment terminated with no resulting claim or cause of action against WAL-MART, its parent, successors, affiliates, and/or subsidiaries.

13.   **No Assignment:**  The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

14.   **Confidentiality:**  Subject to the rights enumerated in paragraph 8, in consideration of the obligations under this AGREEMENT, RUIZ agrees that this AGREEMENT and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither RUIZ nor his heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of WAL-MART, under any circumstances, except RUIZ may disclose the terms of this AGREEMENT his attorney, accountant, tax advisor, the Internal Revenue Service, other government authorities, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made (other than the IRS or other government authorities) shall agree in advance to be bound by the terms of this paragraph 14 and all of its subparts, to the maximum extent permitted by law.

(A)   Subject to the rights enumerated in paragraph 8, if RUIZ is required to disclose this AGREEMENT, its terms or underlying facts pursuant to court

order and/or subpoena, RUIZ shall notify WAL-MART, in writing via facsimile or overnight mail, within 24 hours of his receipt of such court order or subpoena, and simultaneously provide WAL-MART with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 24. RUIZ agrees to waive any objection to WAL-MART's request that the document production or testimony be done *in camera* and under seal.

(B)     Subject to the rights enumerated in paragraph 8, RUIZ acknowledges that a violation of paragraph 14 or any of its subparts would cause immeasurable and irreparable damage to WAL-MART in an amount incapable of precise determination. Accordingly, RUIZ agrees that WAL-MART shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 14 and all of its subparts, in addition to any other available remedies.

(C)     Subject to the rights enumerated in paragraph 8, the Parties agree that the terms of paragraph 14 and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in paragraph 14 and 14(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages and injunctive relief. The Parties agree that damages sustained by such breach would be impractical or extremely difficult to determine and, therefore, agree that in the event that RUIZ, or any of the individuals identified in paragraph 14(A), violates this paragraph or any of its subparts, RUIZ shall pay Wal-Mart liquidated damages in the sum of One Thousand and No/100 Dollars ($1,000.00) for each violation. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

15.     **Non-Disparagement:**  Subject to the rights enumerated in paragraph 8, RUIZ agrees that he will not provide information, issue statements, or take any action, directly or indirectly, that would cause WAL-MART embarrassment or humiliation or otherwise cause or contribute to WAL-MART being held in disrepute, except that nothing herein shall prevent RUIZ from providing truthful information and testimony (a) to government authorities; (b) in any legal proceedings; or (c) as required by law.

16.     **Governing Law and Jurisdiction:**  This AGREEMENT shall be governed and conformed in accordance with the laws of the state in which RUIZ was employed at the time of his last day of employment with WAL-MART without regard to its conflict of laws provision. In the event RUIZ or WAL-MART breaches any provision of this AGREEMENT, RUIZ and WAL-MART affirm that either may institute an action to specifically enforce any term or terms of this AGREEMENT.

17.     **Conditions:**  Subject to the rights enumerated in paragraph 8, should RUIZ ever breach any provision or obligation under this AGREEMENT, RUIZ explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs,

expenses, and reasonable attorneys' fees) incurred by WAL-MART as a result of RUIZ's breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies WAL-MART may have by virtue of this AGREEMENT or otherwise.

18. **No Admission of Liability:** The parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any time for any purpose as an admission by WAL-MART of any liability or unlawful conduct of any kind.

19. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

20. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. RUIZ agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The parties acknowledge that only an authorized representative of WAL-MART has the authority to modify this AGREEMENT on behalf of WAL-MART.

21. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

22. **Severability:** The parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable. However, if any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT. To the extent any provision herein that relates to the dismissal of RUIZ's Lawsuit or the general release of claims described in paragraph 7 above is deemed to be illegal, invalid, or unenforceable, WAL-MART is not obligated to honor any of the terms set forth herein and RUIZ shall return any amounts paid by WAL-MART.

23. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and

assigns.

24. **Entire Agreement:**  This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of WAL-MART to RUIZ, except any prior agreements related to inventions, business ideas, confidentiality of corporate information, and non-competition remain intact. RUIZ shall not be held liable under this Agreement or any other agreement or any federal or state trade secret law for making any confidential disclosure of a Walmart trade secret or other confidential Walmart information to a government official or an attorney for purposes of reporting or investigating a suspected violation of law or regulation, or in a court filing under seal, nor shall RUIZ be required to obtain approval or notify Walmart prior to making any such disclosure. RUIZ acknowledges that he has not relied on any representations, promises, or agreements of any kind made to himself in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

25. **Notice Requirements:**  Each notice ("Notice") provided for under this AGREEMENT must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt.  Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.  Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

Wal-Mart Stores, Inc.
c/o Scott Forman
LITTLER MENDELSON, P.C.
2301 McGee St.
8th Floor
Kansas City, MO 64108
Fax: (816)817-7063

Leonet Ruiz
c/o C. Ryan Morgan
Morgan & Morgan P.A.
20 North Orange Avenue
16th Floor
Orlando, FL 32802-4979

Ph: (407)420-1414
Fax: (407)245-3401

26.  **Selective Enforcement:**  The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

**RUIZ IS HEREBY ADVISED THAT HE HAS A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED THAT HE SHOULD CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, RUIZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST WAL-MART.**

_____
Leonet Ruiz

9/19/17
Date